## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **RAY LEWIS HALE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21CV00049 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **STATE FARM FIRE & CASUALTY CO., ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Michael A. Bragg, BRAGG LAW, Abingdon, Virginia, for Plaintiff; Guy M. Harbert, III, GENTRY LOCKE, Roanoke, Virginia, for Defendant.*

In this diversity case removed from state court, the plaintiff contends that the defendant insurance company has failed to pay the amounts owed under a fire insurance policy after his home was destroyed by fire. The insurance company asserts that it has paid him all that he is entitled to under the policy. Based on the uncontested facts and the terms of the policy, I find that the insurance company's Motion for Summary Judgment must be granted and judgment entered in its favor.

## I.

The residence of the plaintiff, Ray Lewis Hale, located near Abingdon, Virginia, was totally destroyed by fire on November 24, 2018, along with personal property located there. The defendant, State Farm Fire & Casualty Co. (State Farm), had in effect a policy of insurance, the State Farm Homeowners Policy No. 46-CJ-

0562-6 (Policy), that insured the premises and its contents as a result of fire loss. Hale made a prompt claim under the Policy and after an investigation, State Farm paid Hale a total of $224,024.49 under the various coverages of the Policy. The payments were as follows:

> $171,021.59 on April 17, 2020, to Hale and his mortgagee under Coverage A of the Policy, for the dwelling and debris removal, after applying a $2,000 deductible;
>
> $44,055.99 on April 17, 2020, $1,095 on December 18, 2018, and $1,500 on November 28, 2018, under Coverage B, for personal property; and
>
> $1,081.58 on December 14, 2018, $540.79 on January 15, 2019, $1,622.37 and $807.06 on February 20, 2019, and $2,297.11 on May 9, 2019, under Coverage C, for additional living expenses incurred by the insured.

Mem. Supp. Summ. J. Ex. B, Buchanan Decl. ¶ 6, ECF No. 21-2.

Hale filed suit against State Farm in the Circuit Court of Washington County, Virginia, on November 24, 2020, contending that it had breached the Policy by failing to pay him the replacement value of the dwelling and the total value of the personal property lost.[1] State Farm was served with the Complaint on November 17, 2021, nearly one year after it was filed and almost three years after the fire. After answering the Complaint, State Farm timely removed the action to this court based

---

[1]   Hale also added as a defendant to his Complaint the mortgagee of the property, whose correct name is American Advisors Group, but that defendant was later dismissed from this case because it had assigned its interest to another entity. Order, Feb. 24, 2022, ECF No. 12.

on diversity of citizenship and amount in controversy.  28 U.S.C. §§ 1332(a), 1441(a).  Based on the undisputed allegations of the Notice of Removal, this court has proper subject-matter jurisdiction.  *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (noting that "[t]he removability of a case depends upon the state of the pleadings and the record at the time of the application for removal.") (internal quotation marks and citation omitted).

State Farm filed its Motion for Summary Judgment on September 21, 2022, supported by the declaration of David Lynn "Buck" Buchanan, a claims representative for State Farm who was responsible for the investigation and adjustment of Hale's claim under the Policy.  Hale has filed no response to the Motion for Summary Judgment.[2]  A hearing on the motion was held on November 9, 2022, and the motion is now ripe for decision.  The Buchanan declaration, with supporting exhibits, is 197 pages long, and is the evidence before the court, along with the Policy, a transcript of an examination of Hale under oath by State Farm's lawyer, and answers by Hale to interrogatories and a request for admissions.

---

[2]  Any response to the Motion for Summary Judgment was due to be filed no later than 14 days after service of the motion.  Scheduling Order ¶ 6, ECF No. 19.  However, even in the absence of a response, "the moving party must still show that the uncontroverted facts entitle the party to a judgment as matter of law."  *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir. 1993) (internal quotation marks and citation omitted).

II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.

A federal court sitting in diversity is required to apply the substantive law of the forum state, including its choice-of-law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97 (1941). Virginia courts hold that an insurance policy is made in the state where the policy is delivered, *Grange Mut. Cas. Co. v. Criterion Ins. Co.,* 188 S.E.2d 91 (Va. 1972), and the parties do not dispute that Virginia law governs the proper reading of the Policy. In Virginia, "when the language of the insurance policy is clear and unambiguous, courts do not employ rules of construction, rather, they give the language its plain and ordinary meaning and enforce the policy as written." *P'ship Umbrella, Inc. v. Fed. Ins. Co.*, 530 S.E.2d 154, 160 (Va. 2000).

III.

In regard to the dwelling, Coverage A of the Policy provided that State Farm would pay "the cost to repair or replace" the premises.  Mem. Supp. Summ. J. Ex. A, Policy 10, ECF No. 21-1.  However, it also provided that "until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss."  *Id.*  The Policy also provided that "[n]o action shall be brought unless there has been compliance with the policy provisions [and] [t]he action must be started within two years after the date of loss or damage."  *Id.* at 13.[3]  A few days after the fire, on November 28, State Farm's claim representative cautioned Hale that "[t]o make a claim for replacement cost benefits, you must repair or replace the damaged property by November 24th 2020," Buchanan Decl., Ex. 3 at 1, ECF No. 21-2, which was the two-year anniversary of the fire.

Along with his daughter and son-in-law, Hale purchased a home in nearby Bristol, Tennessee, on December 1, 2020, for $525,000, which Hale contends was a replacement for his destroyed residence.  Mem. Supp. Summ. J. Ex. D, Answers Interrogs. ¶ 1, ECF No. 21-6.  Hale did not advise State Farm of this purchase and

---

[3] A Virginia statute requires fire policies to contain such a provision.  Va. Code Ann. § 38.2-2105.

his claim that it was a replacement until June of 2022, during discovery in the present action, and nearly four years after the fire.[4]

State Farm contends that because the residence was not replaced (or repaired) within two years, Hale's action for replacement cost is barred by the contractual limitation period.

As to the claim that State Farm has not paid the proper amount for lost contents under Coverage B, the evidence shows that Hale submitted, with the assistance of his daughter, inventories in regard to his loss of contents claim, but without supporting documentation. During the examination of Hale under oath on April 18, 2019, it was admitted that there were inaccuracies as to prior inventories provided. Hale was advised that he could supplement an inventory "at a later date." Mem. Supp. Summ. J. Ex. C, Tr. Examination under Oath 148, ECF No. 21-5. The claims representative met with Hale's counsel on October 9, 2019, on the status of Hale's claim but that meeting ended without resolution. Despite multiple letters thereafter from the claims representative advising that further information was needed, there was no further response on behalf of Hale. Accordingly, State Farm

---

[4] Hale admitted during his examination under oath by State Farm that two months before the fire he had unsuccessfully tried to sell his home for $205,000. Mem. Supp. Summ. J. Ex. C, Tr. Examination under Oath 21, ECF No. 21-4.

sent checks for Hale based upon its investigation, which were negotiated and paid. State Farm heard nothing further until this suit was served upon it in 2021.[5]

Coverage B provides that until actual repair or replacement is completed, State Farm will pay "only the cost to repair or replace less depreciation." Policy 11, ECF No. 21-1. It is further required that the insured must prepare an inventory of the lost personal property, together with "all bills, receipts and related documents that substantial the figures on the inventory." *Id.* at 12. State Farm contends that Hale cannot recover further amounts since he was not in compliance with the terms of the Policy.

In oral argument on the Motion for Summary Judgment, counsel for Hale did not dispute the Policy's limitation period but asserted two grounds in opposition. It was argued that there had been "substantial compliance" with the terms of the Policy within the time limit and that in any event, State Farm's payment to Hale of the amounts it had determined were due constituted a waiver by State Farm of the time limit contained in the Policy.

I cannot accept the plaintiff's arguments. The plain language of the Policy required that Hale complete the actual repair or replacement of the damaged property before he was entitled to replacement value beyond actual cash value. Hale's ability

---

[5] Under Virginia law, service of process is timely if within 12 months after the action is filed. *See* Va. Code Ann. §§ 8.01-275.1, -277(B); Rules of Va. Sup. Ct. 3:5(e).

to sue for recovery under the Policy hinged on two conditions: (1) that Hale comply with the policy provisions, which would include the complete replacement condition precedent, and (2) that Hale bring the action for such recovery within two years of the loss.  It therefore follows that the replacement must have been complete within two years of the loss, or before timely filing suit, in order to recover any such amount.  *Cf. Henretty v. State Farm Fire & Cas. Co.*, No. 1:16-CV-575, 2016 WL 11668713, at \*2 (E.D. Va. July 22, 2016) (strictly applying the two-year contractual limitations period "in homeowners policies and other fire insurance policies as a complete bar to an action on the policy in cases where the insured fails to file the action within the policy's two year limitations period"); *S. Home Ins. Co. of the Carolinas v. Bowers*, 161 S.E. 914, 917–18 (Va. 1932).

As for recovery under Coverage B and C, the record shows that Hale failed to substantiate further payments with documentation before filing suit, despite State Farm's multiple reminders.   Thus, because Hale did not fulfill his obligations under the contract, he has not satisfied a condition precedent to filing suit and State Farm is excused from payments it might have owed had Hale complied.  *Cf. Stolz v. Safeco Ins. Co.*, 798 F. App'x 52, 54 (9th Cir. 2019) (unpublished).

Furthermore, Hale has the burden of proving waiver, *Eden v. Utica Mut. Ins. Co.* 350 F. Supp. 637, 643 (W.D. Va. 1972), and he has not presented any evidence or cognizable argument that State Farm has waived the assertion of the contractual

provisions at issue.   Furthermore, while it is correct that under Virginia law, an insured is required only "reasonable and substantial compliance" with certain conditions of a fire policy, *Aetna Cas. & Sur. Co. v. Harris*, 239 S.E.2d 84, 88 (Va. 1977), I do not find such compliance here.

III.

For the reasons stated, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 20, is GRANTED.   Judgment in favor of the defendant will be entered herewith.

ENTER:   November 18, 2022

/s/  JAMES P. JONES
Senior United States District Judge